IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

06/30/2026

LAURA A. AUSTIN, CLERK
BY: **/s/ Amy Fansler**
DEPUTY CLERK

|  |  |  |
|---|---|---|
| CLINTON M. DAVIS, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 5:25-cv-00151 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| MARK JETER, et al., | ) | Chief United States District Judge |
| Defendants | ) | |

**MEMORANDUM OPINION**

Pro se plaintiff Clinton M. Davis ("Davis") moves for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). The court will grant Davis's motion for leave to proceed *in forma pauperis* ("ifp") (Dkt. No. 2). But, pursuant to 28 U.S.C. § 1915(e)(2), the court will sua sponte dismiss his complaint (Dkt. No. 1) without prejudice because the court lacks jurisdiction over it.

## I. BACKGROUND

**A. Overview**

Davis's complaint is lean on specifics. The court has considered all the evidence Davis submitted both in documents attached to his complaint and several later, separate filings (Dkt. Nos. 3–6). However, it is not entirely clear to the court what his precise claims are, and he does not list any causes of action in his complaint.

He alleges that his "civil rights were violated" in the course of criminal proceedings against him for violating a protective order and trespassing. (Compl. 3–4.) These proceedings took place in the General District Court for the City of Staunton, Virginia, and Davis includes a copy of the protective order he was accused of violating. (Dkt. No. 1–2.) The order reflects that the two defendants named in the complaint, Mark Jeter and Joann Sacco Jeter ("the Jeters"), were granted this order against Davis by the same court on February 29, 2024, to remain in place until February 28, 2025. (*Id.* at 1–3.) Davis's complaint does not appear to directly challenge

this protective order, however, nor does he identify any other actions taken by the Jeters. Instead, he alleges that his attorney, Jonathan Tarris ("Tarris"), did not properly "file [his] case" with the court.  (Compl. 3.)

The remainder of the factual allegations in Davis's complaint relate to his representation (or lack thereof) in his criminal case.  For example, Davis recounts going to great efforts to be prepared for his criminal hearing on June 25, 2025—including coordinating witnesses on his own behalf—but alleges that he was not given the chance to speak.  (*Id.* at 3–4.)

Based on the documents he has submitted and publicly available state court records, it is unclear when and for how long Davis was represented by Tarris.  It is apparent, though, that Tarris was no longer representing Davis by August 14, 2025, as Tarris emailed him a termination of representation notice and an invoice for his services.  (Dkt. No. 1-12, at 2–3.)  According to the invoice, Tarris appeared on Davis's behalf twice—March 5, 2025, and June 25, 2025—and charged Davis $500 for that representation.  (*Id.* at 3.)

State court records also indicate Davis's hearing was continued four times, with the trial ultimately taking place on November 19, 2025.  Davis notes having no representation at a hearing on September 24, 2025,[1] and he claims the court believed he had been appointed a public defender.  (Compl. 3.)  Davis instead appears to have been appointed a public defender in real time at the hearing, as he references the defender asking the Commonwealth Attorney about the facts of his case.  (*Id.*)

Davis states he called the Clerk of Court for Staunton General District Court—he does not indicate when he called—to inquire if he qualified for a public defender.  (*Id.* at 4.)  During this phone call, Davis alleges he was informed that the court did not have records showing Tarris

---

[1] State records show this hearing as having taken place on September 24, 2025, though Davis's written statement cites the date as September 19, 2025.  (Compl. 3.)

as his attorney; the only name reflected in the court's records was that of his attorney at that time, Humes J. Franklin, III ("Franklin").  (*Id.*)

On October 27, 2025, Franklin told Davis via email that he would serve as Davis's counsel for the upcoming trial on November 19, 2025.  (Dkt. No. 1-11, at 1.)  Franklin noted that Davis had previously fired him as his attorney "on [his] trespass charge," but Franklin, per Davis's request, would "reenter [his] appearance in the case."  (*Id.* at 2.)  The email otherwise memorialized their agreed-upon terms.  (*Id.* at 1–5.)  On November 3, 2025, Franklin contacted both the Commonwealth's Attorney and Clerk of Court to inform them of his role as Davis's counsel.  (*Id.* at 6–7.)

As additional evidence, Davis further includes significant research and information about his family history and family home.  (Dkt. Nos. 1-4, 1-6, 1-7, 1-9, and 3.)  His attachments also include a series of documents discussing generally *Brady v. Maryland*, 373 U.S. 83 (1963), as well as screen captures of the "*Miranda* warning" Wikipedia page.  (Dkt. No. 7.)  The relevance of this information to his claims is unclear.

Davis's complaint invokes federal question jurisdiction under 28 U.S.C. § 1331.  (Compl. 2.)  Davis also marked "Government Defendant" as the basis for jurisdiction, though the check mark appears to have been crossed out, with what appears to be his initials written next to it. (*Id.*)

## B.  Defendants

The Supreme Court has made clear that pleadings by pro se plaintiffs must both be liberally construed and given the benefit of doubt consistent with their lack of counsel.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The Fourth Circuit has also stated that "[w]hen the body of a pro se complaint makes it clear than an

additional party is intended as a defendant, the district court must act accordingly." *Nichols v. Bumgarner*, 173 F.4th 511, 519 (4th Cir. 2026).

As discussed, the Jeters were the persons who obtained the protective order against Davis, but Davis does not describe any other actions by them in his complaint. Instead, the complaint and supporting evidence focus heavily on the actions of Davis's former attorney, Tarris. Davis specifically alleges that Tarris "never file[d] [his] case," and he alleges that the court did not have a record of Tarris being listed as Davis's counsel. (Compl. 3–4.) Given the Fourth Circuit's recent guidance, the court will presume Tarris also was an intended defendant. Considering no claims were made as to the actions of his other attorney, Franklin, the court will not treat him as an intended defendant.

## II.  DISCUSSION

### A.  Davis Qualifies for *In Forma Pauperis* Status.

To support his motion to proceed ifp, Davis has completed a preprinted form responding to certain questions about the state of his finances under penalty of perjury. (Dkt. No. 2.) The court has reviewed his responses and determines that he cannot afford to pay the filing fee. It will therefore grant Davis's motion to proceed ifp and allow his complaint to be filed without payment of the filing fee.

### B.  This Suit Neither Arises under Federal Law nor Names the United States as a Party.

The *in forma pauperis* statute authorizes this court to sua sponte dismiss a case for several reasons, including if it is satisfied that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B). Additionally, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3). If a

plaintiff invoking § 1331 fails to plead a colorable claim arising under federal law, the court may dismiss for lack of subject-matter jurisdiction. *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). By contrast, where a plaintiff has simply failed to allege an element of a federal cause of action, but his claim is one over which the court could have jurisdiction, it should be dismissed for failure to state a claim. *Id.* The court concludes that this case falls squarely within the class of cases where there is no colorable claim pled.

### 1. Federal-Question Jurisdiction

Federal question jurisdiction may be proper only if a plaintiff's complaint states an affirmative claim—rather than an anticipated defense—which arises under federal law. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 154 (1908); *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 259 (1916); Wright & Miller, *Fed. Prac. & Proc. Juris.*, 3d ed. 1998, § 3566.

Davis does not identify or describe any federal law under which his claims arise. But he alleges a violation of his "civil rights," and such claims are typically brought in federal court under 42 U.S.C. § 1983. To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Thus, these claims may only be asserted against defendants acting under color of state law. *See id.*; 42 U.S.C. § 1983.

The Jeters are not state actors, nor does Davis provide any factual allegations to show they were acting as such. Despite the discussed commitment to liberal construction for pro se plaintiffs, the Fourth Circuit has similarly stated that district courts are not to "conjure up questions never . . . presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Likewise, Tarris is not a state actor.  Indeed, the Fourth Circuit has squarely held that a defense attorney in a criminal proceeding (even one appointed by the court) does not act under color of state law.  *See Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994) (noting private attorneys do not act under "color of state law" by using the "state's court system"); *see Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980) (holding a state-appointed attorney was entitled to dismissal of a § 1983 claim for "want of state action").  Thus, these defendants are all private citizens.

The Fourth Circuit has recognized four exclusive circumstances under which a private citizen may still be deemed a "state actor" for the purposes of a claim under § 1983:

> (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.

*DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999). There are no allegations to support a conclusion that the Jeters or Tarris fall into one of these exclusive categories, so Davis has failed to identify any state conduct or state actor.  As a result, he has not stated a claim under § 1983. Other than his non-viable claim under § 1983, there is no other potential basis for the exercise of federal-question jurisdiction evidence from his complaint.  To the extent he is asserting a claim of negligence or a breach-of-contract claim against Tarris, such claims arise under state law and do not give rise to federal jurisdiction.

In sum, there is not a cognizable legal claim arising under federal law from Davis's complaint and supporting materials, so the court does not have federal-question jurisdiction pursuant to 28 U.S.C. § 1331.

*2. Government Defendant*

Despite the unclear intentions of Davis's complaint in asserting "Government Defendant" as a basis of jurisdiction, the court will briefly address it to avoid doubt.

Federal district courts have original jurisdiction when the United States is a defendant. 28 U.S.C. § 1346. This narrow scope of jurisdiction is limited to financial claims and tort claims. *Id.*

Davis's complaint does not cite the United States, or any federal employee who could be liable under the Federal Tort Claims Act, nor does he assert any other claim against any federal entity. (Compl. 3–4.) The events described in the complaint and supporting materials only appear to name private parties involved only in state-court proceedings. Thus, § 1346 cannot serve as a basis for federal jurisdiction.

### III.  CONCLUSION

For the above reasons, the court will grant Davis's motion for leave to proceed *in forma pauperis*. (Dkt. No. 2.) However, because Davis's complaint and supporting materials do not allege any claims falling within the court's limited jurisdiction, his case must be dismissed pursuant to 28 U.S.C. § 1915(e). The court will therefore dismiss the complaint without prejudice for lack of jurisdiction. The court will issue an appropriate order.

The Clerk shall provide a copy of this memorandum opinion to Davis.

Entered: June 30, 2026.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge